**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Neale E. Smith,        ) | No. CV 07-0170-TUC-FJM |
|                        ) | |
| Plaintiff,             ) | **ORDER** |
|                        ) | |
| vs.                    ) | |
|                        ) | |
| Steven D. Leach, et al., ) | |
|                        ) | |
| Defendants.            ) | |
|                        ) | |

The court has before it several confused and interrelated filings.

**I.**

We note at the outset that all of plaintiff's claims against Judge Collins in this case arise out of Smith v. DPS Officer, CV-05-00676-TUC-RCC, over which Judge Collins presided. It is undisputed that Judge Collins had jurisdiction in that case. Therefore, we summarily dispose of all of the claims against Judge Collins based on the doctrine of judicial immunity. See, e.g., Mullis v. United States Bankr. Court, 828 F.2d 1385, 1388 (9th Cir. 1987). Also, because Plaintiff has appealed the final judgment entered in CV 05-676-TUC-RCC, plaintiff's claims here constitute an impermissible collateral attack on the judgment in CV 05-676-TUC-RCC. See United States v. Taylor, 648 F.2d 565, 572 (9th Cir. 1981) (stating that a court may entertain a collateral motion during the pendency of a direct appeal

only when " 'extraordinary circumstances' outweigh the considerations of administrative convenience and judicial economy") (citations omitted).

**II.**

Because the government has gone out of its way to accord plaintiff more than he is due, we address the issues raised by the government.

A.

We first turn to the United States' "Notice of Substitution of United States of America as Federal Defendant as to Common Law Tort Claims against Judge Raner C. Collins" (doc. 3). In Counts III, IV, VII and IX of his complaint, plaintiff alleges that Judge Collins falsely imprisoned him. See Notice of Removal (doc. 1) Exhibit A ("Complaint"). Count III also alleges that Judge Collins violated plaintiff's A.R.S. Const. Art. II, § 2.1 rights. See Complaint at 2. Therefore, the United States is substituted as the defendant with respect to these claims pursuant to 28 U.S.C. § 2679(d)(1).

Plaintiff objects to the United States' substitution by arguing that a United States Attorney may not represent a federal judge. See Response to United States [sic] Motion to Dismiss Entered by Daniel G. Knauss, United States Attorney, and Response to Notice of Substitution of United States of America as Defendant (doc. 15). We reject this baseless assertion. United States employees are immunized from liability for their torts " 'while acting within the scope of [their] office or employment.' " Green v. Hall, 8 F.3d 695, 698 (9th Cir. 1993) (citing 28 U.S.C. § 2679(b)(1)). When a government employee is sued in tort, Section 2679(c) provides that the Attorney General "shall defend" the employee.[1]

Plaintiff also alleges that Judge Collins was not acting within the scope of his employment at all times relevant to the complaint's claims. Response to United States [sic] Motion to Dismiss Entered by Daniel G. Knauss, United States Attorney, and Response to Notice of Substitution of United States of America as Defendant at 2. This unsupported

---

[1] Judge Collins may also be represented by a U.S. Attorney in non-FTCA cases. See 28 U.S.C. § 516.

- 2 -

1  allegation does not rebut the certification. See Green, 8 F.3d at 698 (providing that a party
2  seeking review of a scope of employment certification "bears the burden of presenting
3  evidence and disproving" the certification decision "by a preponderance of the evidence.").

5  B.

6  We next address the United States' motion to dismiss (doc. 5) and "Memorandum of
7  Points and Authorities in Support of United States' Motion to Dismiss" ("United States'
8  Motion to Dismiss") (doc. 6) and plaintiff's "Renewed Motion that Motions Made in
9  Absence of Answer by Defendants be Ruled Moot" (doc. 29).

10  The United States' substitution does not alter the fact that plaintiff's claims against
11  Judge Collins are barred based on principles of judicial immunity.

12  Alternatively, the false imprisonment claims brought against Judge Collins are barred
13  by the FTCA. See Motion to Dismiss at 6-7; 28 U.S.C. § 2680(h) (exempting "[a]ny claim
14  arising out of . . . false imprisonment," so long as the claim does not pertain to "to acts or
15  omissions of investigative or law enforcement officers of the United States Government").
16  The false imprisonment claims pertain to conduct that allegedly occurred during a deposition
17  in a case over which Judge Collins presided. See Complaint at 2-5. Therefore, the false
18  imprisonment claims against Judge Collins are barred by 28 U.S.C. § 2680(h).

19  Defendants alternatively argue that these claims fail because plaintiff has not
20  exhausted his administrative remedies. See Motion to Dismiss at 1-2. Plaintiff's complaint
21  is devoid of any allegation regarding compliance with 28 U.S.C. § 2675(a). Therefore, we
22  also dismiss the false imprisonment claims on this ground.

23  Plaintiff's only response to the United States' motion to dismiss is that the motion is
24  moot because Judge Collins has not filed an answer. See Renewed Motion that Motions
25  Made by Defendants be Ruled Moot. Plaintiff is wrong. The United States' Motion to
26  Dismiss was filed on April 17, 2007, one day after this action was removed, see Notice of
27  Removal (doc. 1). The motion to dismiss was timely pursuant to Rule 81(c), Fed. R. Civ. P.,

and tolled the filing of an answer pursuant to Rule 12(a)(4), Fed. R. Civ. P.  Therefore, plaintiff's motion is denied.[2]

## III.

The court also has before it Judge Collins' "Motion to Dismiss Constitutional Tort Claims" (doc. 9) and supporting memorandum (doc. 10), plaintiff's "Motion that Raner C. Collins be Declared in Default and that Judgment be Rendered Against Him" (doc. 16), Judge Collins' response to the motion for default (doc. 19) and plaintiff's "Reply to Response that Motion in Default of Raner C. Collins be Denied" (doc. 20).

We have already concluded that each of plaintiff's claims against Judge Collins are barred by judicial immunity.  Therefore, Judge Collins' motion to dismiss is granted.

Instead of responding to defendant's motion, plaintiff moved for default judgment. See Motion that Raner C. Collins be Declared in Default and that Judgment be Rendered Against Him. Judge Collins is an officer of the United States. See, e.g., Miller v. Johnson, 541 F. Supp. 1165, 1172 (D.D.C. 1982).  Plaintiff has not established "a claim or right to relief" against him; therefore, may not enter default judgment.  See Fed. R. Civ. P. 55(e).

Plaintiff also argues that Judge Collins has waived his affirmative defenses "by rolling the [state] case into federal court" on April 16, 2007.  Motion that Raner C. Collins be Declared in Default and that Judgment be Rendered Against Him at 1.  Although plaintiff contends that Judge Collins was served with a summons and complaint on February 16, 2007, the record is devoid of any evidence that Judge Collins was actually served.

The time for answering or presenting defenses under Rule 81(c), Fed. R. Civ. P., are the same as the timing requirements of Rule 12, Fed. R. Civ. P.  "Rule 12(b) states that a motion raising the specific defenses listed 'shall be made before pleading if a further pleading is permitted,' " but "does not limit the period to 20 days."  Bechtel v. Liberty Nat'l Bank, 534 F.2d 1335, 1341 (9th Cir. 1976).  Therefore, "such a motion may be made at any

---

[2] We deny plaintiff's motion as to all defendants.  Each defendant timely filed a motion to dismiss, tolling the time for filing an answer.  No affirmative defenses were waived.  See Fed. R. Civ. P. Rule 12(a)(4).

- 4 -

1 time prior to such a pleading." Id. The United States' April 17, 2007 motion to dismiss the
2 tort claims against Judge Collins tolled the time for filing Judge Collins' answer pursuant to
3 Rule 12(a)(4). As of April 26, 2007, the United States' motion to dismiss was still pending;
4 as a result, Judge Collins' answer was not yet due. We reject plaintiff's assertion that
5 12(b)(6) defenses were waived.

**IV.**

7 We next turn to plaintiff's "Motion that Appearance of U.S. Attorney, Daniel K.
8 Knauss in this Court as Defense Attorney of a Federal Judge be Vacated" (doc. 21), "Motion
9 that Appearance of U.S. Attorney, Richard Glenn Patrick in this Court as Defense Attorney
10 of Federal Judge be Vacated" (doc. 25), "Renewed Motion that Appearance of any U.S.
11 Attorney of any Name in this Court as Defense Attorney of Federal Judge be Vacated" (doc.
12 33), notice of appearance and substitution of counsel (doc. 32) and plaintiff's "Response to
13 Memorandum of Maggie H. Abuhaidar of July 6, 2007" (doc. 36).

14 Plaintiff argues that United States Attorneys should not represent federal judges
15 because such representation violates, among other things, the doctrine of separation of
16 powers. See, e.g., Motion that Appearance of U.S. Attorney, Daniel K. Knauss in this Court
17 as Defense Attorney of a Federal Judge be Vacated at 1. Plaintiff's motion is without merit.
18 As noted above, both 28 U.S.C. § 2679(c) and 28 U.S.C. § 516 authorize the representation
19 at issue in this case.

20 **THEREFORE, IT IS ORDERED SUBSTITUTING** the United States of America
21 as the defendant to the common law tort claims against Judge Raner C. Collins.

22 **IT IS FURTHERMORE ORDERED GRANTING:**
23 (1) the United States' motion to dismiss (doc. 5) and
24 (2) Judge Collins' "Motion to Dismiss Constitutional Tort Claims" (doc. 9).
25 **FINALLY, IT IS ORDERED DENYING**:
26 (1) plaintiff's "Motion that Raner C. Collins be Declared in Default and that
27 Judgment be Rendered Against Him" (doc. 16);
28

1     (2)     plaintiff's "Renewed Motion that Motions Made in Absence of Answer by Defendants be Ruled Moot" (doc. 29);

(3) plaintiff's "Motion that Appearance of U.S. Attorney, Daniel K. Knauss in this Court as Defense Attorney of a Federal Judge be Vacated" (doc. 21);

(4) plaintiff's "Motion that Appearance of U.S. Attorney, Richard Glenn Patrick in this Court as Defense Attorney of Federal Judge be Vacated" (doc. 25); and

(5) plaintiff's "Renewed Motion that Appearance of any U.S. Attorney of any Name in this Court as Defense Attorney of Federal Judge be Vacated" (doc. 33).

DATED this 15th day of August, 2007.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 6 -